**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DON HAMRICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>*et al.*, )<br>)<br>Defendants. )<br>) | ) Civ. Action No. 08-1698 (EGS) |

**MEMORANDUM OPINION**

Plaintiff Don Hamrick, proceeding *pro se* under 28 U.S.C. § 1916,[1] has filed a 547-page Complaint that purports to assert a variety of causes of action against defendants United States and the President of the United States, including, *inter alia*, the Civil RICO Act, 18 U.S.C. § 1964(a), and the Second Amendment to the U.S. Constitution. Plaintiff also contends that a number of federal judges have "exhibited bias in their unconstitutional Summary Judgment dismissals of my cases for the last 6 years" and claims damages in the amount of at least $28.8 million. Compl. at 118. Incorporated into the Complaint are excerpts from

---

[1] The Court seriously doubts whether the Complaint filed by Plaintiff qualifies as a Seaman's Suit under 28 U.S.C. § 1916. *See id.* (permitting seamen to file suit without prepaying fees or costs where the action seeks "wages or salvage or the enforcement of laws enacted for their health or safety"). But because the Court concludes that the case should be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 8(a)(2), the issue of prepayment need not be addressed at this time.

numerous articles, web sites, and references to thirty-year-old communications of State Department officials.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain a "short and plain statement showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to give fair notice of the claim being asserted so that the defendant will have an opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The Complaint here does not comply with the requirements of Rule 8(a)(2). It is unreasonably long-winded and illogical, and presents the type of fantastic or delusional scenarios found to justify immediate dismissal of a complaint as frivolous in the related context of 28 U.S.C. § 1915(d). *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (explaining that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). Defendants should not be forced to spend time and energy in attempting to decipher plaintiff's utterly confusing and lengthy pleading.

Courts have not hesitated to dismiss actions under Rule 8(a)(2) where, as here, the complaint sets forth "a meandering, disorganized, prolix narrative" or was "so verbose, confused

and redundant that its true substance, if any, is well disguised." *Brown*, 75 F.R.D. at 499 (citations omitted). Such dismissals may be made on motion or *sua sponte* by the court. *Resource N.E. of Long Island, Inc. v. Babylon*, 28 F. Supp. 2d 786, 794 (E.D.N.Y. 1998) (citations omitted). A *sua sponte* dismissal is warranted here but such dismissal will be without prejudice, the usual remedy for noncompliance with Rule 8(a)(2). *Brown*, 75 F.R.D. at 499 (citations omitted); *Resource N.E.*, 28 F. Supp. 2d at 796 (citation omitted). Plaintiff is warned however, that he "will have to pare the [c]omplaint significantly to satisfy Rule 8." *Resource N.E.*, 28 F. Supp. 2d at 796. If an amended complaint is filed that merely recycles the Complaint presently before the Court it will be dismissed with prejudice.[2]

The Court also notes that, to the extent that plaintiff's Complaint rests solely on his RICO claim against the United States and the President in his official capacity, such claim must fail as a matter of law because Congress has not waived the United States' immunity against such claims. *See Norris v. Dep't of Defense*, 1997 WL 362495 (D.C. Cir. 1997) (finding claim for treble damages under the RICO Act "barred by the doctrine of

---

[2] The Complaint's repeated references to – in plaintiff's own words – plaintiff's "litigious history these past six years" make clear that he is not new to litigation. He should therefore be well-acquainted with the pleading requirements of the Federal Rules of Civil Procedure. Indeed, at least two prior complaints filed by plaintiff in this court have been dismissed for the same reason that the instant Complaint fails. *See Hamrick v. United Nations*, No. 07-1616, 2007 WL 3054817 (D.D.C. Oct. 19, 2007); *Hamrick v. Bremer*, No. 05-1993 (D.D.C. Oct. 20, 2005).

sovereign immunity"); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases). Finally, in view of the Court's dismissal of the case without prejudice, all pending motions are denied as moot. An appropriate Order accompanies this Memorandum Opinion.